133 F.3d 927
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mohammed Mozaharul HAQUE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70745.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 4, 1997.
Decided Jan. 8, 1998.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, No. Aix-fcy-xak.
 Before: FERGUSON, THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mohammed Mozaharul Hague petitions for review of the Board of Immigration Appeals' (BIA) decision denying his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we deny review.
 
 DISCUSSION
 
 3
 Haque, a native and citizen of Bangladesh, sought political asylum. To qualify for political asylum, Haque must demonstrate that he is a refugee, unwilling to return to Bangladesh because he suffered past persecution or a " 'well-founded fear of [future] persecution on account of ... political opinion.' " Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993) (quoting 8 U.S.C. 1101(a)(42)(A)).
 
 
 4
 Haque testified that he was a party leader of the Awami League, a minority party in Bangladesh. He further testified that he was subjected to various atrocities, including being beaten, having his hand broken, and being shot at by persons who were known to him to belong to the Bangladesh National Party (BNP). Haque testified that he owned a textile business that was widely known throughout Bangladesh, and that at the time he was shot at, the manager of his company received the bullet in his place, killing the manager. Haque testified that it was shortly after this shooting that he fled Bangladesh by requesting a visitor's visa from the United States Embassy.
 
 
 5
 The BIA determined that "Haque has not satisfied his burden of proving that he was persecuted in Bangladesh, or that a reasonable person in his position would fear persecution if he returned." Because the BIA conducted a de novo review of the record, made an independent determination about whether relief was appropriate, and did not merely review the IJ's decision for abuse of discretion, we review the decision of the BIA. See Surita v. INS, 95 F.3d 814, 819 (9th Cir.1996); Yepes-Prado v. INS, 10 F.3d 1363, 1366-67 (9th Cir.1993).
 
 
 6
 We review for substantial evidence the BIA's determination that the petitioner did not demonstrate past persecution or a well-founded fear of future persecution. Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996). "To obtain reversal, [the petitioner] must establish that the evidence not only supports the conclusion that [he] suffered persecution or has a well-founded fear of persecution, but compels it." Id.
 
 
 7
 The BIA found that Haque's "contention that he owned a business, served as a party leader, and was hospitalized has not been substantiated by any documentary evidence." The BIA concluded that "since these facts appear to be verifiable, we must consequently find that the respondent has failed to prove that he is a refugee within the meaning of the statute."
 
 
 8
 Proof of refugee status within the meaning of the statute requires "a showing by 'credible, direct, and specific' evidence of facts supporting a reasonable fear of persecution on the relevant ground." Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994) (citation omitted). See also Matter of Dass, 20 I & N Dec. 120 (BIA 1989) ("As an asylum applicant bears the evidentiary burden of proof and persuasion, where there are significant, meaningful evidentiary gaps, the applications ordinarily will be denied for failure of proof").
 
 
 9
 Although lack of corroboration for an asylum applicant's testimony will not necessarily be fatal to his application, this does not mean that the introduction of supporting evidence is purely an option; the general rule is that such evidence should be presented. Matter of Dass, 20 I & N Dec. 120. This is especially true when an applicant asserts the type of factual claims, such as party leadership and ownership of a large textile business, which one would expect could be supported. Id.
 
 
 10
 Because Hague presented no documentation under circumstances which would lead one to expect that such documentation would be available, we conclude that substantial evidence supports the BIA's determination that Hague "failed to prove that he is a refugee within the meaning of the statute." The evidence Hague presented fails to "compel" a determination that he was persecuted on account of his political opinion, INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Accordingly, we uphold the BIA's decision denying Hague's application for asylum.
 
 
 11
 Because Hague failed to satisfy the standard for asylum, he necessarily failed to satisfy the more rigorous standard for withholding of deportation. See Leon-Barrios v. INS, 116 F.3d 391, 394 (9th Cir.1997).
 
 The petition for review is
 
 12
 DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3